# EXHIBIT A

1 | S. BRETT SUTTON 143107
  | SUSAN K. HATMAKER 172543
2 | JARED HAGUE 251517
  | SUTTON HATMAKER LAW CORPORATION
3 | 6715 N. Palm Avenue, Suite 214
  | Fresno, California 93704
4 | Telephone: (559) 449-1888
  | Facsimile: (559) 449-0177
5 |
6 | Attorneys for Plaintiff:
  | MARY REID
7 |

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF FRESNO

10 | * * *

| | |
|---|---|
| 11 MARY REID, an individual, residing in California, | Case No. 12 CE CG 03214 |
| 12 | |
| 13        Plaintiff, | PLAINTIFF'S COMPLAINT |
| 14     vs. | (1) Failure To Pay Minimum Wages In Violation Of Labor Code §§ 1197, 1194 & 1194.2; |
| 15 CONCENTRA HEALTH SERVICES, INC., a corporation; and DOES 1 through 100, inclusive, | (2) Failure To Pay Overtime In Violation Of Labor Code § 510; |
| 16 | (3) Failure To Provide All Mandated Meal Periods Or Additional Wages In Lieu Thereof; |
| 17        Defendants. | (4) Failure To Provide All Mandated Rest Periods Or Additional Wages In Lieu Thereof; |
| 18 | (5) Failure To Issue Accurate Wage Statements In Violation Of Labor Code § 226; |
| 19 | (6) Failure To Timely Pay Wages Due At Termination In Violation Of Labor Code §§ 201, 202 & 203; |
| 20 | (7) Unfair Competition (Bus. & Prof. Code § 17200) |
| 21 | (8) Wrongful Termination in Violation of Public Policy |
| 22 | |
| 23 | **JURY TRIAL DEMANDED** |

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

1

COMPLAINT FOR DAMAGES

# I.   GENERAL ALLEGATIONS

## A.   THE PARTIES

1.   Plaintiff MARY REID (hereinafter "PLAINTIFF") is, and at all times mentioned herein was, an adult female residing at all times alleged herein in Fresno County, California.

2.   PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant CONCENTRA HEALTH SERVICES, INC. (hereinafter "DEFENDANT") was and is a Nevada corporation qualified to do business within the state of California.

3.   PLAINTIFF is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as DOES 1 through 100, inclusive, and each of them, and therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure section 474. PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants sued herein, including DOES 1 through 100, inclusive, is and was negligently, tortiously, comparatively, carelessly, recklessly, willfully, knowingly, or intentionally proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFF as alleged herein. When the true names and/or capacities of the defendants are ascertained, PLAINTIFF will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

4.   PLAINTIFF is informed and believes, and thereon alleges that each of the Defendants named herein, including each of the DOE Defendants, was acting at all relevant times herein, as the agent, ostensible agent, joint-venturer, servant, employee, co-conspirator, and/or associate of each of the other Defendants, and was at all times acting within the course and scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

## B.   THE ACTION

5.   This action is brought, in part, to remedy the following:

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

a.   DEFENDANT'S misclassification of PLAINTIFF as "exempt" for purposes of California wage and hour laws;

b.   DEFENDANT'S failure to compensate PLAINTIFF with at least the California minimum wage for each hour worked;

c.   DEFENDANT'S failure to compensate PLAINTIFF at one-and-a-half times her regular rate of pay for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek;

d.   DEFENDANT'S failure to compensate PLAINTIFF at twice her regular rate of pay for all hours worked in excess of twelve (12) hours per workday and/or all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek;

e.   DEFENDANT'S failure to provide PLAINTIFF with a net thirty-minute, duty-free meal period for each workday during which PLAINTIFF worked more than five (5) hours, as mandated by California law, or to pay PLAINTIFF one (1) hour of additional wages at her regular rate of compensation for each workday for which the duty-free meal period was and/or is not permitted, as required by California Labor Code sections 226.7 and 512 and any other applicable Wage Order;

f.   DEFENDANT'S failure to provide PLAINTIFF with a net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay PLAINTIFF one (1) hour of additional wages at her regular rate of compensation for each workday for which the duty-free rest period was and/or is not permitted, as required by any applicable Wage Order;

g.   DEFENDANT'S failure to issue accurate, itemized wage statements to PLAINTIFF in accordance with California law;

h.   DEFENDANT'S failure to pay PLAINTIFF all wages due and owing upon the termination of employment with DEFENDANT;

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

1           i.     DEFENDANT'S engagement in unfair business practices against

2         PLAINTIFF.

3           j.     DEFENDANT'S wrongful termination of PLAINTIFF in violation of

4         public policy in retaliation for PLAINTIFF's complaints about her misclassified

5         status as an "exempt" employee for purposes of California wage and hour law.

6    **C.**    **VENUE**

7        6.    Venue is proper in the County of Fresno because, among other reasons,

8    DEFENDANT's office at which PLAINTIFF worked is located in the City and County of

9    Fresno, State of California and PLAINTIFF primarily performed her work for DEFENDANT

10   within the City and County of Fresno.

11   **D.**    **BACKGROUND ALLEGATIONS**

12       7.    PLAINTIFF began her employment with DEFENDANT in or about 2007 as an

13   Account Manager. PLAINTIFF's primary responsibility was to sell DEFENDANT's healthcare

14   insurance products to other employers and businesses. PLAINTIFF was categorized as an

15   exempt employee for purposes of California wage and hour laws. Upon information and belief,

16   PLAINTIFF was originally engaged in outside sales activities for more than half of the hours

17   that PLAINTIFF worked for DEFENDANT.

18       8.    Throughout the course of PLAINTIFF's employment with DEFENDANT,

19   PLAINTIFF received a base salary plus commission.

20       9.    In or about April 2010, PLAINTIFF was reclassified as a Client Relationship

21   Manager and was subjected to a restructured commission plan and additional non-sales job

22   duties that DEFENDANT characterized as "account maintenance" duties. PLAINTIFF was

23   unable to earn any commission for account maintenance duties. Upon information and belief,

24   the performance of additional account maintenance duties, for which PLAINTIFF bore sole

25   responsibility, resulted in PLAINTIFF's time engaged in commissioned sales to drop below half

26   of the hours that PLAINTIFF worked for DEFENDANT.

27       10.    Between in or about April 2010 and the termination of PLAINTIFF's

28   employment with DEFENDANT on or about December 5, 2011, PLAINTIFF made numerous

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

4

complaints to her supervisors and managers regarding the sharp increase in non-commissioned, non-sales duties that she was required to perform. PLAINTIFF complained that the increase in non-commissioned, non-sales duties, despite commissions comprising a significant portion of PLAINTIFF's earnings, was resulting in PLAINTIFF being required to perform duties for which she was not receiving any compensation under DEFENDANT's compensation plan.

11. On or about January 3, 2011, PLAINTIFF received a written memorandum entitled "CRM Role Clarification," in which her supervisor Joe Hittner ("HITTNER") memorialized PLAINTIFF's complaints about the time PLAINTIFF spent performing account maintenance duties, and emphasizing that PLAINTIFF needed to spend more time engaged in account maintenance activities on a daily basis.

12. On or about October 5, 2011, PLAINTIFF was subjected to disciplinary action in the form of a Performance Improvement Plan implemented by HITTNER, in which HITTNER again emphasized his instruction to PLAINTIFF to devote more time to non-commissioned, non-sales account management activities. HITTNER further noted that PLAINTIFF had complained about being required to perform account management tasks for which she received no compensation under DEFENDANT'S compensation plan.

13. On or about December 5, 2011, PLAINTIFF was notified that her employment was being terminated, effective as of that date, for the stated reason from HITTNER that it was best that PLAINTIFF and DEFENDANT part ways.

14. PLAINTIFF is informed and believes, and thereon alleges, that the true reason for the termination of her employment was due to her good-faith complaints that after April 2010, she was being required to perform non-commissioned, non-sales duties for which she received no compensation, and that the increase in non-commissioned, non-sales "account management" duties accompanied by the proportionate reduction of her commissioned sales duties resulted in a duty on DEFENDANT's part to compensate her at overtime and double time rates under California wage and hour laws.

15. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, the DEFENDANT knew of its statutory obligations to pay PLAINTIFF

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

5
COMPLAINT FOR DAMAGES

minimum, regular, and overtime wages according to California law. PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, the DEFENDANT knew of its statutory obligations to permit PLAINTIFF to take a net thirty-minute, duty-free meal period during any workday during which PLAINTIFF worked more than five hours and/or pay PLAINTIFF additional wages, and that DEFENDANT further knew of its statutory obligations to permit PLAINTIFF to take a net ten-minute, duty-free rest period per four hours worked or major fraction thereof and/or pay PLAINTIFF additional wages. However, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT intentionally, improperly, and in violation of California law, failed to pay minimum, regular, and overtime wages, failed to permit a net thirty-minute, duty-free meal period when PLAINTIFF worked more than five hours in a workday and/or pay PLAINTIFF additional wages, failed to permit a net ten-minute, duty-free rest period for PLAINTIFF per four hours worked or major fraction thereof and/or pay PLAINTIFF employees additional wages and all of which was done in blatant violation of California law.

16.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT and DOES 1-100, through their managing agents and supervisors, knowingly and intentionally established and carried out policies that violated applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 1194, 1194.2, 1197, and 510, in that PLAINTIFFS and other similarly situated Class Members were not paid wages according to California law for hours that they were required to work including, but not limited to, hours devoted to work in excess of eight (8) hours in one workday and 40 hours per workweek and travel time.

17.     PLAINTIFF is informed and believe, and thereon alleges, that DEFENDANT, through its managing agents and supervisors, knowingly and intentionally established and carried out policies that violated California Labor Code sections 226.7 and 512 and any other applicable Wage Order in that PLAINTIFF was not permitted to take a net thirty-minute duty-free meal period for each workday during which such employees worked more than five hours, and was

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

1  not paid one (1) hour of additional wages at the employees' regular rate of compensation for
2  each workday for which the meal period was not provided.

3      18.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT,
4  through its managing agents and supervisors, knowingly and intentionally established and carried
5  out policies that violated Industrial Welfare Commission Wage Order 4 and/or any other
6  applicable Wage Order in that PLAINTIFF was not provided with a net ten-minute, duty-free
7  rest period per four hours worked or major fraction thereof and was not paid one (1) hour of
8  additional wages at her regular rate of compensation for each workday for which the rest period
9  was not provided.

10      19.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT,
11  through its managing agents and supervisors, knowingly and intentionally provided PLAINTIFF
12  with inaccurate wage statements that did not contain all items set forth in Labor Code section
13  226(a).

14      20.    PLAINTIFF is informed and believes, and thereon alleges, that she did not secret
15  or absent herself from DEFENDANT nor did she refuse to accept earned but unpaid wages from
16  DEFENDANT. Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid
17  wages pursuant to Labor Code sections 201, 202, and 203 and section 20 of the applicable
18  Industrial Welfare Commission Order.

19              **FIRST CAUSE OF ACTION**

20      **FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**
                **LABOR CODE §§ 1197, 1194, & 1194.2**
21
22      **(PLAINTIFF Against DEFENDANT and DOES 1 through 100)**

23      21.    The allegations of paragraphs 1 through 20, inclusive, are re-alleged and
24  incorporated herein by this reference.

25      22.    DEFENDANT failed to pay PLAINTIFF minimum wages for all hours worked,
26  including time spent by PLAINTIFF on non-commissioned, non-sales account maintenance
27  duties.

28  / / /

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

23.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

24.     The applicable minimum wage fixed by the Commission for employees such as Plaintiff is found in section 4(A) of Industrial Welfare Commission Wage Order No. 4.

25.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

26.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

27.     California Labor Code section 1194.2 also provides for the following remedies:

> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

28.     As such, PLAINTIFF may bring this action for minimum wages, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

29.     Wherefore, PLAINTIFF is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys' fees, costs of suit, and penalties pursuant to section 1197.1.

/ / /

/ / /

/ / /

/ / /

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

8
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE § 510
### (PLAINTIFF Against DEFENDANTS and DOES 1 through 100)

30. The allegations of paragraphs 1 through 29, inclusive, are re-alleged and incorporated herein by this reference.

31. California Labor Code section 510, subsection (a) provides, in pertinent part, as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee . . . .

32. Section 3 of Industrial Welfare Commission Wage Order Number 4, which, at all times mentioned herein, governs the employment of PLAINTIFF with DEFENDANT, provides, in pertinent part, as follows:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 in a workweek unless the employee receives one and one half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

COMPLAINT FOR DAMAGES

workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary. *See* Cal. Admin. Code tit. 8, §11010(3)(A)(1).

33. During all times mentioned herein, DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF to work in excess of eight hours in one workday and 40 hours per week without being compensated at the applicable overtime rate of pay in accordance with the provisions of California Labor Code section 510 and Section 3 of the Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order.

34. PLAINTIFF is informed and believes, and thereon alleges, that from in or about April 2010 through and including the date of termination of her employment with DEFENDANT, she was a non-exempt employee for purposes of California's wage and hour laws due to the fact that PLAINTIFF spent less than half of her hours worked for DEFENDANT on commissioned sales duties.

35. During all relevant periods, California overtime laws applied to DEFENDANT and provided that any work performed by a non-exempt employee in excess of 40 hours per workweek or eight (8) hours per workday be compensated at one-and-one-half times the employee's regular rate of pay. DEFENDANT did not compensate PLAINTIFF for all hours worked in excess of 40 hours per workweek or eight (8) hours per workday and/or did not compensate said employees at the applicable overtime rate of pay. Thus, PLAINTIFF is entitled to recover her unpaid overtime compensation and penalties arising therefrom.

36. In addition, PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs. PLAINTIFF is presently unaware of the precise amount of these fees and costs and prays for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 1194, PLAINTIFF is entitled to recover attorneys' fees, expenses, and costs according to proof.

/ / /

/ / /

/ / /

Sutton Halmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

# THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512
## (MEAL PERIODS)

### (PLAINTIFF Against DEFENDANT and DOES 1 through 100)

37. The allegations of paragraphs 1 through 36, inclusive, are re-alleged and incorporated herein by this reference.

38. California Labor Code section 512, subsection (a), provides, in pertinent part, as follows:

> (a) . . . An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

39. Similarly, section 11 of Industrial Welfare Commission Wage Order 2 provides, in pertinent part, as follows:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

40. California Labor Code section 226.7 provides, in pertinent part, as follows:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

41. PLAINTIFF is informed and believes, and thereon alleges, that she systematically worked periods of more than 5 hours in a workday without being provided with a mandated thirty-minute, duty-free meal period while in the employ of DEFENDANT as a non-exempt employee. Specifically, PLAINTIFF is informed and believes, and thereon alleges, that, at all

Sutton Hatmaker
Law Corporation
6716 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

1 | times mentioned herein, DEFENDANT maintained company policies that did not provide for
2 | PLAINTIFF to take a meal period during any given workday, including workdays during which
3 | PLAINTIFF worked more than five hours. PLAINTIFF is further informed and believes, and
4 | thereon alleges, that DEFENDANT did not pay PLAINTIFF an additional one (1)-hour's wage
5 | for each meal period that was not provided as stated above.

6 |     42.    Accordingly, DEFENDANT violated California Labor Code sections 226.7 and
7 | 512 by failing to permit the meal period mandated by California Labor Code section 226.7 and
8 | section 11 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage
9 | Order to PLAINTIFF on any day where PLAINTIFF worked more than five hours in a workday
10 | as a non-exempt employee. By their failure to permit a meal period for days on which
11 | PLAINTIFF worked as a non-exempt employee in excess of five hours, and failing to pay one
12 | hour of additional wages in lieu of each meal period not provided, DEFENDANT willfully
13 | violated California Labor Code sections 226.7 and 512 and section 11 of Industrial Welfare
14 | Commission Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for
15 | one hour of additional wages at PLAINTIFF's regular rate of compensation for each workday for
16 | which a meal period was not lawfully provided.

17 |     43.    As a result of the unlawful acts of DEFENDANT, PLAINTIFF was deprived of
18 | additional wages in amounts to be proven at trial and is entitled to recover such amounts, plus
19 | interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief
20 | requested below.

21 | **FOURTH CAUSE OF ACTION**

22 | **VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE**
**COMMISSION WAGE ORDER NO. 4**
23 | **(REST PERIODS)**

24 | **(PLAINTIFF Against DEFENDANT and DOES 1 through 100)**

25 |

26 |     44.    The allegations of paragraphs 1 through 43, inclusive, are re-alleged and
27 | incorporated herein by this reference.

28 | / / /

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

COMPLAINT FOR DAMAGES

45. Section 12 of Industrial Welfare Commission Wage Order 4 provides, in pertinent part, as follows:

> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

46. California Labor Code section 226.7 provides, in pertinent part, as follows:

> (a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

47. PLAINTIFF is informed and believes, and thereon alleges, that she systematically worked periods of more than 3 ½ hours in a workday without being provided with a mandated ten-minute, duty-free rest period while in the employ of DEFENDANT as a non-exempt employee. Specifically, PLAINTIFF is informed and believes, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not provide PLAINTIFF with a a rest period during any given workday including workdays during which PLAINTIFF worked more than 3 ½ hours. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANTS did not pay PLAINTIFF an additional one (1)-hour's wage for each rest period that was not provided as stated above.

48. Accordingly, DEFENDANT violated California Labor Code section 226 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

COMPLAINT FOR DAMAGES

Order to PLAINTIFF on any workday when she worked more than 3 ½ hours as a non-exempt employee. By its failure to provide a rest period for days on which PLAINTIFF worked as a non-exempt employee in excess of 3 ½ hours and failing to pay one hour of additional wages in lieu of each rest period not provided, DEFENDANT willfully violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order. DEFENDANT is liable for one hour of additional wages at PLAINTIFF's regular rate of compensation for each workday for which a rest period was not lawfully provided.

49.     As a result of the unlawful acts of DEFENDANT, PLAINTIFF was deprived of additional wages in amounts to be proven at trial and is entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES

### (PLAINTIFF Against DEFENDANT and DOES 1 through 100)

50.     The allegations of paragraphs 1 through 49, inclusive, are re-alleged and incorporated herein by this reference.

51.     DEFENDANT is required to maintain accurate records of, among other things, wages earned at each hourly rate and the accurate number of total hours worked by PLAINTIFF for pay periods worked by PLAINTIFF as a non-exempt employee.

52.     DEFENDANT was required to furnish such records to PLAINTIFF semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, Industrial Welfare Commission Order, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

53.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT knowingly and intentionally failed to accurately maintain and furnish records of the wages earned by PLAINTIFF.

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

54. As a direct and proximate result of DEFENDANT's failure to issue accurate, itemized wages statements to PLAINTIFF for those pay periods when PLAINTIFF worked as a non-exempt employee, PLAINTIFF suffered damage.

55. PLAINTIFF is therefore entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201, 202, & 203

### (PLAINTIFF Against DEFENDANT and DOES 1 through 100)

56. The allegations of paragraphs 1 through 55, inclusive, are re-alleged and incorporated herein by this reference.

57. California Labor Code section 201 provides, in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ." *See* Cal. Lab. Code § 201.

58. California Labor Code section 202 provides, in pertinent part, as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

59. California Labor Code section 203 provides, in pertinent part, as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to

Sutton Hatmaker
Law Corporation
6715 N. Palm Avenue
Suite 214
Fresno, CA 93704

avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

60.     PLAINTIFF's employment with the DEFENDANT terminated on or about December 5, 2011. Despite said termination of employment, PLAINTIFF did not receive compensation for minimum, regular, and overtime wages owed pursuant to California Labor Code sections 201 and 202. PLAINTIFF is informed and believes, and thereon alleges, that this failure by DEFENDANT to pay was willful and intentional.

61.     In addition, PLAINTIFFS are informed and believe, and on that basis allege, that since PLAINTIFF's termination from employment with DEFENDANT, each of them has continually, willfully, and intentionally failed to pay the minimum, regular, and overtime compensation that is due and owing, thereby entitling PLAINTIFF to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

62.     PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF did not secret or absent herself from DEFENDANT nor did she refuse to accept the earned and unpaid wages from DEFENDANT. Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

63.     In addition, PLAINTIFF has incurred, and will continue to incur, legal expenses, including attorneys' fees and costs. PLAINTIFF is presently unaware of the precise amount of these fees and expenses and prays leave of this Court to amend the Complaint when the amounts are fully known. PLAINTIFF is entitled to recover attorneys' fees, expenses, and costs according to proof.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION LAW
### (BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.)
### (PLAINTIFF Against DEFENDANT and DOES 1 through 100)

64.     The allegations of paragraphs 1 through 63, inclusive, are re-alleged and incorporated herein by this reference.

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

COMPLAINT FOR DAMAGES

65.     DEFENDANT has engaged and continues to engage in unfair business practices in California by practicing, employing, and utilizing the employment policy of failing to pay PLAINTIFF with adequate compensation as required by the California law cited herein above and by violating applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 226.7, 510, 512, 201, 202, 203, 1194, 1194.2, 1197 and certain provisions of the Industrial Welfare Commission Wage Order 4 and/or any other applicable Wage Order, as alleged herein.  DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair competition and provides DEFENDANT with an unfair advantage over DEFENDANT's competitors.

66.     PLAINTIFF seeks full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the DEFENDANT by means of the unfair and unlawful practices complained of herein.  The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

67.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned DEFENDANT engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFF of the minimum working conditions and standards due to her under the California Labor Code and Industrial Welfare Commission Wage Orders as identified herein.

68.     California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFF to a restitutionary remedy authorized by California Business and Professions Code section 17203.  PLAINTIFF is therefore, entitled to the relief requested below.

/ / /

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

1     69.    In addition, PLAINTIFF has incurred, and will continue to incur, legal expenses

2 and attorneys' fees. PLAINTIFF is presently unaware of the precise amount of these fees and

3 expenses and prays for leave of this Court to amend the Complaint when the amounts are fully

4 known. Pursuant to California Labor Code section 1194 and California Code of Civil Procedure

5 section 1021.5, PLAINTIFF is entitled to recover attorneys' fees, expenses, and costs according

6 to proof.

**EIGHTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(PLAINTIFF Against DEFENDANT and DOES 1 through 100)**

10     70.    The allegations of paragraphs 1 through 69, inclusive, are re-alleged and

11 incorporated herein by this reference.

12     71.    Each of the allegations of the foregoing paragraphs are re-alleged and

13 incorporated herein by this reference.

14     72.    As set forth above, PLAINTIFF repeatedly complained in good faith to

15 DEFENDANT regarding conduct constituting perceived violations of various provisions of the

16 California Labor Code, including but not limited to sections 1194, 510 and 226.7 on the basis of

17 her misclassification as an exempt employee from in or about April 2010 through and including

18 the termination of her employment with DEFENDANT.

19     73.    In retaliation for PLAINTIFF's conduct regarding the foregoing, PLAINTIFF was

20 terminated from her employment with DEFENDANT, resulting in a significant loss of income to

21 PLAINTIFF, as well as the loss of other employment benefits that PLAINTIFF had theretofore

22 enjoyed.

23     74.    As a proximate result of DEFENDANT'S termination of PLAINTIFF's

24 employment in retaliation for PLAINTIFF's complaints, DEFENDANT violated the strong

25 public policy in favor of: 1) encouraging employees to report violations of state and/or federal

26 law that occur in the workplace; 2) seeking the protection of state labor laws; and 3) supporting

27 and otherwise encouraging employees to report and oppose policies and practices that violate the

28 Labor Code. DEFENDANT's violation of these well-established public policies caused

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

1 | PLAINTIFF to sustain, and to continue to sustain, substantial losses in earnings and other

2 | employment benefits in an amount to be established at trial.

3 |       75.    As a proximate result of DEFENDANT's wrongful termination of PLAINTIFF,

4 | PLAINTIFF suffered, and will continue to suffer, damages, in the form of lost wages and other

5 | employment benefits, as well as severe emotional and physical distress, the exact amount of

6 | which will be proven at trial.

7 |       76.    In doing the things herein alleged, DEFENDANT acted oppressively, maliciously,

8 | intentionally, despicably, and in conscious disregard of PLAINTIFF'S rights, as DEFENDANT

9 | knew that: 1) PLAINTIFF has a right to be free from unlawful discrimination, harassment and

10 | retaliation in the terms of her employment; 2) DEFENDANT recklessly failed to anticipate that

11 | the foregoing conduct would cause emotional distress in PLAINTIFF; 3) DEFENDANT'S

12 | failure to protect such right resulted in severe emotional distress in PLAINTIFF, thereby

13 | intentionally or recklessly subjecting PLAINTIFF to said emotional distress; 4) by intentionally

14 | or recklessly subjecting PLAINTIFF to said emotional distress, DEFENDANT engaged in

15 | conduct that was oppressive, malicious, cruel and unjust. Consequently, PLAINTIFF is entitled

16 | to recovery of exemplary and punitive damages from DEFENDANT in an amount according to

17 | proof.

18 | **PRAYER FOR RELIEF**

19 | WHEREFORE, the PLAINTIFF prays as follows:

20 | <u>AS TO PLAINTIFF'S FIRST THROUGH SIXTH CAUSES OF ACTION</u>

21 | 1.    For reimbursement of lost wages;

22 | 2.    For payment of any and all penalties, including but not limited to liquidated

23 |     damages as applicable;

24 | 3.    For an award in favor of PLAINTIFF and against DEFENDANT of all reasonable

25 |     attorneys' fees incurred, in an amount subject to proof at trial or by post-trial

26 |     motion;

27 | 4.    For pre-judgment interest at the maximum legal rate of interest;

28 | 5.    For costs of suit;

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

1     6.    For such other and further relief as the court may deem just and proper.

2    <u>AS TO PLAINTIFF'S SEVENTH CAUSE OF ACTION</u>

3     1.    For a finding that DEFENDANT engaged in unfair competition in violation of

4            California Business and Professions Code section 17200 *et seq.*;

5     2.    For restitutionary relief, including but not limited to restitution of any damages

6            and disgorgement of DEFENDANT's wrongfully obtained revenues, earnings,

7            profits, compensation and benefits pursuant to California Business and

8            Professions Code sections 17203 and 17204;

9     3.    That DEFENDANT be ordered and enjoined to pay all applicable penalties to

10          PLAINTIFF due to their unfair competition pursuant to California Business and

11          Professions Code section 17202;

12     4.    For an award in favor of PLAINTIFF and against DEFENDANT of all reasonable

13          attorneys' fees incurred, in an amount subject to proof at trial or by post-trial

14          motion;

15     5.    For pre-judgment interest at the maximum legal rate of interest;

16     6.    For costs of suit;

17     7.    For such other and further relief as the court may deem just and proper

18    <u>AS TO PLAINTIFF'S EIGHTH CAUSE OF ACTION</u>

19     1.    For compensatory damages in an amount to be proven at trial;

20     2.    For costs of suit;

21     3.    For pre-judgment interest at the maximum legal rate of interest;

22     4.    For exemplary damages in an amount to be proven at trial;

23     5.    For such other and further relief as the court may deem just and proper.

24   / / /

25   / / /

26   / / /

27   / / /

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

28   / / /

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial by jury of all causes of action.

Dated: October 4, 2012

SUTTON HATMAKER LAW CORPORATION

By

_____

S. BRETT SUTTON
Attorneys for Plaintiff MARY REID

Sutton Hatmaker
Law Corporation
6715 N. PALM AVENUE
SUITE 214
FRESNO, CA 93704

**COMPLAINT FOR DAMAGES**